UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR CRAIG,

       Petitioner,

v.                                     CASE NO. 14-12386
                                       HONORABLE ARTHUR J. TARNOW

LLOYD RAPELJE,

       Respondent.
_____/

**ORDER GRANTING PETITIONER'S MOTION TO CORRECT RESPONDENT'S NAME** (ECF No. 9), **GRANTING PETITIONER'S MOTION FOR AN ENLARGEMENT OF TIME** (ECF No. 10), **GRANTING PETITIONER'S MOTION FOR DISCOVERY, PRODUCTION, AND COPYING** (ECF No. 12), **AND DENYING PETITIONER'S EMERGENCY MOTION FOR RELEASE** (ECF No. 13)

On June 18, 2014, petitioner Lamar Craig commenced this action by filing a *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's 2009 plea-based conviction for gross indecency between male and female as a sexually delinquent person. *See* Mich. Comp. Laws §§ 750.338b and 750.10a. Petitioner is serving a sentence of thirteen to forty years for the crime. The issues in his habeas petition are whether his guilty plea was knowing and voluntary, whether he was sentenced on the basis of inaccurate information and improperly scored sentencing guidelines, and whether his trial and appellate attorneys were constitutionally ineffective.

On December 23, 2014, the State filed a responsive pleading in which it urges the Court to deny Petitioner's claims on the basis that the state court's decision on Petitioner's claims was objectively reasonable. Currently before the Court are Petitioner's motion to correct the respondent's name, his motion for an extension of time to file a reply to the responsive pleading, his motion for discovery, production, and copying, and his motion for release from custody pending a decision in this case. The first three motions are granted, but the motion for release from custody is denied. The reasons follow.

## I. The Motion to Amend

In his first motion, Petitioner seeks to amend his habeas corpus petition to reflect the correct name of the state warden who has custody of him. On June 18, 2014, when Petitioner filed his habeas petition, he was confined at Saginaw Correctional Facility where respondent Lloyd Rapelje was the warden. Since then, Petitioner has been transferred to the Cooper Street Correctional Facility in Jackson, Michigan where Joe Barrett is the warden. As a result of the institutional transfer, Petitioner wishes to substitute Mr. Barrett as respondent in place of Mr. Rapelje. The State concurs in Petitioner's request to amend the caption of this case to reflect the change in custody and warden. *See* Answer in Opp'n to Pet'r Mot. for Release, ECF No. 14 n.1

The proper respondent in a habeas corpus action is the person who holds the petitioner in custody. *See* 28 U.S.C. §§ 2242 ¶2 and 2243 ¶2; Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. Because Joe Barrett currently has custody of Petitioner, the Court grants Petitioner's motion to amend his habeas petition to reflect the correct name of the respondent (ECF No. 9). The Clerk of the Court is ordered to terminate Lloyd Rapelje as respondent and to substitute Joe Barrett as the respondent.[1]

## II. The Motion for Enlargement of Time

In his second motion, Petitioner seeks an enlargement of time to file a response to the State's answer to the habeas petition. Although the State filed its answer on December 23, 2014, Petitioner states that he did not receive the answer until January 6, 2015. Petitioner seeks at least thirty more days to file his reply. The Court grants Petitioner's motion (ECF No. 10) and orders him to file his reply to the responsive pleading within **forty-five (45) days** of the date of this order.

## III. The Motion for Copies

In his third motion, Petitioner seeks copies of many of the state-court materials that the State filed with its answer to the petition. Some of the items are

---

[1] The Clerk of the Court has already changed Petitioner's address on the docket to reflect his current location at Cooper Street Correctional Facility, 3100 Cooper Street, Jackson, MI 49201.

documents that Petitioner filed in state court, other items are orders that Petitioner should have received from the state court, and still other items are transcripts that Petitioner should have been able to acquire during the state-court proceedings. Nevertheless, because Petitioner claims that he is indigent and unable to acquire the items, the Court grants his motion for discovery, production, and copying (ECF No. 12). The Clerk of the Court is ordered to mail a copy of the requested items (ECF Nos. 8-4 and 8-7 to 8-16) to Petitioner along with a copy of this order.[2]

### IV. The Emergency Motion for Release from State Custody

In his fourth and final motion, Petitioner seeks release from custody pending a full review of his case. In support of this request, Petitioner claims that he is actually innocent of the crime for which he was convicted, that his trial and appellate attorneys were ineffective, that the prosecutor withheld exculpatory evidence and relied on perjured statements by the victim and her mother, and that his sentence was manipulated.

The State opposes Petitioner's motion on the ground that Petitioner has not met the demanding standard for obtaining release pending disposition of a habeas petition. The State argues that (1) Petitioner has not presented any substantial

---

[2] The Court did not copy all of ECF No. 8-14, because some of the materials pertain to a different defendant and some of the materials are included in other documents which the Court is sending to Petitioner.

claims of law in his habeas petition, (2) Petitioner has not shown the existence of some circumstance making the motion for bail exceptional and deserving of special treatment, and (3) in addition to the conviction being challenged in his habeas petition, Petitioner was convicted of fourth-degree fleeing from a police officer in 2001.

A habeas petitioner can be released on bond pending a decision on his petition if, "in addition to there being substantial questions presented by the [application], there is some circumstance making th[e] application exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964)(citations omitted). "Since a habeas petitioner is appealing a presumptively valid state conviction, both principles of comity and common sense dictate that it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). As a practical matter, motions for bond will be denied in most habeas proceedings, as there will be few occasions when a petitioner meets the *Aronson* standard. *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990).

Petitioner purports to have raised substantial questions in his habeas petition, and he alleges that he not only has the support of family and the community, but he

presents no threat to anyone. Even if these allegations were true, Petitioner has not shown some circumstance that makes his request exceptional and deserving of special treatment in the interests of justice. The Court therefore agrees with the State that Petitioner is not entitled to release on bond. His emergency motion for release from state custody pending a full review of his case (ECF No. 13) is denied.

                                              s/Arthur J. Tarnow
                                              ARTHUR J. TARNOW
Dated: July 22, 2015                  UNITED STATES DISTRICT JUDGE