UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR CRAIG,

       Petitioner,

v.                                           CASE NO. 14-12386
                                             HONORABLE ARTHUR J. TARNOW

LLOYD RAPELJE,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S REQUEST
FOR APPOINTMENT OF APPELLATE COUNSEL AND
FOR WAIVER OF FILING FEES AND COSTS AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

**I. Introduction**

On June 18, 2014, petitioner Lamar Craig filed a *pro se* habeas corpus petition challenging his 2009 plea-based conviction for gross indecency between male and female as a sexually delinquent person. (ECF NO. 1.) Petitioner is serving a sentence of thirteen to forty years. The issues in his habeas petition are whether his guilty plea was knowing and voluntary, whether he was sentenced on the basis of inaccurate information and improperly scored sentencing guidelines, and whether his trial and appellate attorneys were constitutionally ineffective.

On June 9, 2015, Petitioner filed an emergency motion for release from custody pending a decision on his habeas petition. (ECF No. 13.) The State opposed the motion (ECF No. 14), and on July 22, 2015, the Court denied the motion (ECF No. 15).

On August 20, 2015, Petitioner filed a notice of appeal from the Court's denial of his motion for release from custody. (ECF No. 16.) The Court construes the notice of appeal as an

application for a certificate of appealability.  Petitioner also seeks appointment of appellate counsel and permission to proceed *in forma pauperis* on appeal.  (ECF Nos. 16 and 18.)

## II.  Analysis

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003).

In his motion for immediate release from custody, Petitioner alleged that he is actually innocent of the charges for which he was convicted and that his continued detention violated his right to due process.  He pleaded guilty, however, and even though he also alleged in his motion for release from custody that his case was based on an illegal search and seizure and that the prosecutor withheld evidence and relied on false statements by the victim and the victim's mother, Petitioner waived these claims by pleading guilty. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973)(stating that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process" and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").

The Court concluded in its order denying release from custody that Petitioner had failed to show some circumstance making his application "exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964).  Reasonable jurists

would not disagree with the Court's resolution of Petitioner's motion, nor conclude that the issue is adequate to deserve encouragement to proceed further. Accordingly, the Court declines to issue a certificate of appealability. And because an interlocutory appeal from the Court's decision on Petitioner's motion for release from custody could not be taken in good faith, the Court denies Petitioner's request to proceed *in forma pauperis* on appeal and his request for appointment of appellate counsel. 28 U.S.C. § 1915(a)(3).

                                        S/Arthur J. Tarnow
                                        Arthur J. Tarnow
                                        Senior United States District Judge

Dated: September 18, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 18, 2015, by electronic and/or ordinary mail.

                                        S/Catherine A. Pickles
                                        Judicial Assistant