UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAMAR CLINTON CRAIG,

    Petitioner,

v.                               CASE NO. 14-12386
                                  HONORABLE ARTHUR J. TARNOW

JOE BARRETT,

    Respondent.
_____/

**OPINION AND ORDER
DENYING THE HABEAS CORPUS PETITION,
DENYING A CERTIFICATE OF APPEALABILITY,
BUT GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter has come before the Court on petitioner Lamar Clinton Craig's *pro se* habeas corpus petition under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's plea-based conviction and sentence of thirteen to forty years for gross indecency between a male and a female as a sexually delinquent person. *See* Mich. Comp. Laws § 750.338b; Mich. Comp. Laws § 750.10a. Petitioner alleges as grounds for relief that: (1) his guilty plea was not knowing, voluntary, or intelligent; (2) he was sentenced on the basis of inaccurate information in the pre-sentence report and improperly scored sentencing guidelines; (3) trial counsel was ineffective; and (4) appellate counsel was ineffective on direct appeal. In an answer to the habeas petition, respondent Joe Barrett urges the Court to deny the petition because Petitioner's claims lack merit or are not cognizable on habeas review and because the state court's

adjudication of the claims was objectively reasonable. The Court agrees with Respondent that Petitioner's claims do not warrant habeas relief. Accordingly, the habeas petition will be denied.

## I. Background

Petitioner initially was charged in Wayne County, Michigan with five counts of criminal sexual conduct in the first degree. *See* Mich. Comp. Laws § 750.520b(1)(a) (sexual penetration of a person under thirteen years of age). Following a preliminary examination where the victim testified that Petitioner penetrated her vagina four times, the state district court transferred jurisdiction to the Wayne County Circuit Court on four counts of first-degree criminal sexual conduct.

On March 23, 2009, Petitioner pleaded guilty to one count of gross indecency between a male and a female, Mich. Comp. Laws § 750.338b, and one count of being a sexually delinquent person, Mich. Comp. Laws § 750.10a. In return, the prosecution dismissed the four counts of criminal sexual conduct and agreed to a sentence of thirteen to forty years. On April 8, 2009, the trial court sentenced Petitioner to thirteen to forty years in prison for gross indecency between a male and a female and a concurrent term of one to five years in prison for being a sexually delinquent person. On May 27, 2009, the trial court entered an amended judgment of sentence, which reflected a sentence of one to five years in prison for the gross-indecency conviction and a concurrent term of thirteen to forty years for the sexually-delinquent-person conviction.

In a delayed application for leave to appeal, Petitioner argued through counsel that: (1) his sentence was based on improperly scored sentencing guidelines and inaccurate information in the pre-sentence report; (2) his sentence for being a sexually delinquent person under Mich. Comp. Laws § 750.10a should be reversed because the statute merely defines what it is to be a sexually delinquent person and is not a charge; and (3) trial counsel was ineffective for failing to (a) make proper objections to the scoring of the guidelines and (b) inform either the trial court or Petitioner that count two (sexually delinquent person) was not a charge, but merely a definition of a term used in the gross-indecency count. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Craig*, No. 296159 (Mich. Ct. App. Apr. 2, 2010).

Petitioner raised the same claims in the Michigan Supreme Court, which agreed with Petitioner that the sexually-delinquent-person statute is a definitional statute and that it does not carry the possibility of a separate conviction or sentence independent of other criminal charges. In lieu of granting leave to appeal, the state supreme court remanded the case to the trial court for amendment of the judgment of sentence to reflect a single conviction of gross indecency between a male and a female and a single sentence of thirteen to forty years. The supreme court denied leave to appeal in all other respects

3

because it was not persuaded to review the remaining issues. *See People v. Craig*, 488 Mich. 861; 788 N.W.2d 13 (2010).[1]

On or about February 29, 2012, Petitioner filed a motion for relief from judgment in the trial court. He claimed that: (1) his guilty plea was illusory; (2) trial counsel was ineffective for not objecting to Petitioner being charged and sentenced under a definitional statute; (3) appellate counsel was ineffective for not raising his first two claims on direct appeal; and (4) he could establish "cause" for not raising his claims on direct appeal and resulting prejudice.

The trial court denied Petitioner's motion after concluding that Petitioner's guilty plea was not illusory and that there was no basis for relief on Petitioner's other claims because the erroneous sentence was corrected by the Michigan Supreme Court and the trial court's corrected judgment of sentence.[2] *See People v. Craig*, No. 08-009824-01-FC, Op. and Order on Deft's Mot. for Relief from J. (Wayne Cty. Cir. Ct. May 7, 2012). Petitioner subsequently filed a document entitled "Construction Legal Notice." The trial court treated the document as a motion for reconsideration and then granted Petitioner's request to correct the pre-sentence report to reflect the proper scoring of the guidelines. The court denied the motion in all other respects. *See People v. Craig*, No. 08-009824-

---

[1] Justice Alton Thomas Davis recused himself because he was a member of the panel that decided Petitioner's case in the Michigan Court of Appeals.

[2] It appears from the record before the Court that the second amended judgment of sentence, which showed one offense and one sentence of thirteen to forty years for gross indecency between a male and a female as a sexually delinquent person, actually was not entered until January 22, 2014. *See* ECF No. 8-12.

01-FC, Op. and Order on Deft's Mot. for Reconsideration (Wayne Cty. Cir. Ct. June 12, 2012).

Petitioner appealed the trial court's decision, but the Michigan Court of Appeals denied leave to appeal for failure to establish entitlement to relief under Michigan Court Rule 6.508(D). *See People v. Craig*, No. 310515 (Mich. Ct. App. Nov. 8, 2012). On June 25, 2013, the Michigan Supreme Court denied leave to appeal for the same reason. *See People v. Craig*, 494 Mich. 868; 832 N.W.2d 223 (2013). Petitioner moved for reconsideration, but the state supreme court denied his motion. *See People v. Craig*, 495 Mich. 904; 839 N.W.2d 485 (2013). Finally, on June 18, 2014, Petitioner filed his habeas corpus petition.

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Petitioner is entitled to federal habeas corpus relief

> only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)). The state court decision must be "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, 572 U.S. ——, ——, 134 S.Ct. 1697, 1702, 188 L.Ed.2d 698 (2014) (internal quotation marks omitted).

*Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016).

"AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997), and 'demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curiam*)." *Renico v. Lett*, 559 U.S. 766, 773 (2010).

### III.  Analysis

**A.  The Guilty Plea**

Petitioner alleges that his guilty plea was not knowing, intelligent, voluntary, or understanding because it was illusory and based on ignorance, misinformation, misrepresentation, incomprehension, and a false premise.  Petitioner states that he pleaded guilty to an inapplicable statute and did not completely understand the plea agreement because no one informed him that the sexually-delinquent-person statute was a definition of a crime, not a crime itself.  Petitioner also states that the gross-indecency statute carries a five-year maximum sentence, yet he was sentenced to thirteen to forty years in prison.

**1.  Clearly Established Federal Law**

"A guilty or no-contest plea involves a waiver of many substantial constitutional rights," *Fautenberry v. Mitchell*, 515 F.3d 614, 636 (6th Cir. 2008), and an involuntary plea is "an impairment of a defendant's substantial rights," *United States v. Martin*, 668 F.3d 787, 792 (6th Cir. 2012).  Consequently, a guilty plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970).  Courts consider

all the relevant circumstances when determining whether a plea was voluntary. *Id*. at 749.

A reviewing court must ensure that the defendant appreciated the consequences of his waiver of constitutional rights, waived his rights without being coerced to do so, and understood the rights that he was surrendering by pleading guilty. *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009). Additionally, the defendant must understand the essential elements of the offense to which he pleads guilty and be aware of the maximum sentence to which he is exposed. *Id*. at 408-09. And "the determination of whether a plea is illusory must be based on the circumstances existing at the time the decision to plead guilty was made, not at a later time, when additional facts may have been discovered." *Cross v. Barrett*, No. 1:14-cv-530, 2014 WL 2778111, at *12 (W.D. Mich. June 19, 2014) (unpublished opinion citing *Brady*, 397 U.S. at 756.)

### 2. Application

The term "illusory" has been defined as "Deceptive; based on a false impression." Black's Law Dictionary (10th Ed. 2014). Petitioner's plea and sentencing agreement was far from illusory. In the words of the trial court,

> Defendant faced four separate counts of Criminal Sexual Conduct in the First Degree with a person under the age of 13. Each count carried a maximum sentence of life in prison (or any number of years) with a mandatory minimum sentence of twenty-five years.
>
> Defense counsel was able to negotiate a plea agreement to a reduced charge with a sentence agreement of thirteen to forty years – approximately one-half the mandatory minimum required for the original charges. That is a significant reduction in potential punishment and cannot be considered illusory under any definition.

*People v. Craig*, No. 08-009824-01-FC, Opinion (Wayne Cty. Cir. Ct. May 7, 2012) (footnote omitted). Thus, there is no merit to Petitioner's claim that his guilty plea was illusory.

There also is no merit in Petitioner's claim that his plea was involuntary or unknowing. At the plea proceeding, he claimed to understand that the gross-indecency charge carried a maximum sentence of five years in prison and that the sexually-delinquent charge had a statutory maximum of life in prison. (Plea Tr., at 4, Mar. 23, 2009). He also claimed to understand the rights that he was waiving by pleading guilty, *id*. at 4-5, and that an appeal would be by leave of the court instead of automatic, *id*. at 6-7. He stated that no promises, other than the plea agreement, were made to him to induce his guilty plea and that his plea was not coerced. *Id*. at 5, 7. Petitioner assured the trial court that he had an opportunity to discuss the case with his attorney, that he understood the settlement offer, and that his attorney had answered his questions. *Id*. at 7. He stated that he was pleading guilty because he was guilty, *id*., and that he wanted the court to accept his plea, *id*. at 4. He concluded his colloquy with the trial court by providing a factual basis for the plea, admitting that he digitally penetrated someone who was under the age of thirteen. *Id*. at 8-9. Petitioner's "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

To summarize, Petitioner knowingly waived his constitutional rights, claimed that his plea was voluntary and not coerced, demonstrated that he understood the elements of

the crime, and stated that he understood the maximum penalties for the crimes. Although it appears that neither Petitioner, nor his attorney, understood that the sexually-delinquent-person statute was not a crime in itself, the misunderstanding could not have affected the voluntariness of Petitioner's plea. After the judgment of sentence was amended to reflect the true nature of the delinquent-person statute, the end result was essentially the same as what Petitioner bargained for: a conviction for gross indecency as a sexually delinquent person and a sentence of thirteen to forty years.

The Court concludes that Petitioner's plea was voluntary, knowing, and intelligent, and his plea agreement was not deceptive. Habeas relief is not warranted on Petitioner's first claim.

**B. The Sentence**

Petitioner alleges next that he was not given an opportunity to inspect the pre-sentence report before sentencing. He also contends that he was sentenced on the basis of an inaccurate pre-sentence report and incorrectly scored sentencing guidelines. According to him, the report contained errors regarding his age, his prior misdemeanors and felonies, his tattoo, his girlfriend's address and date of birth, his children and the spelling of their names and their mothers' names, his prior employment, the color of his hair, his relationship to the victim, and his military infraction. Petitioner asserts that, although these inaccuracies may seem insignificant, they are, in fact, significant when added together. Additionally, Petitioner states that his sentence was inconsistent with his sentencing guidelines.

9

To begin, the record belies Petitioner's allegation that he did not have an opportunity to inspect the pre-sentence report before sentencing. His attorney stated at the sentence proceeding that he did have an opportunity to review the pre-sentence report with Petitioner. (Sentencing Tr. at 3, Apr. 8, 2009.)

Furthermore, the state court's application of its sentencing laws and guidelines "is a matter of state concern only," *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003), and "federal habeas corpus relief does not lie for errors of state law," *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Pulley v. Harris*, 465 U.S. 37, 41 (1984) (stating that "[a] federal court may not issue the writ on the basis of a perceived error of state law"). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, Petitioner's contention that the trial court miscalculated the sentencing guidelines is not a cognizable claim on federal habeas corpus review. *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006); *Robinson v. Stegall*, 157 F. Supp. 2d 802, 823 (E.D. Mich. 2001).

Petitioner's related claim that errors occurred in his pre-sentence report also is not cognizable on habeas review. *See Rodriguez v. Jones*, 625 F. Supp. 2d 552, 569 (E.D. Mich. 2009). And "the mere presence of . . . inaccurate information in a [pre-sentence report] does not constitute a denial of due process." *Hili v. Sciarrotta*, 140 F.3d 210, 216 (2nd Cir. 1998).

10

While it is true that Petitioner had a right to be sentenced on accurate information, it is only a sentence based on "extensively and materially false" information, which the prisoner had no opportunity to correct through counsel, that violates due process. *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Petitioner was represented by counsel at his plea, and his attorney alerted the trial court to errors in the criminal history section of the pre-sentence report. The other errors about which Petitioner complains were insignificant and harmless. The trial court did not sentence Petitioner on extensively and materially false information.

Finally, although Petitioner claims that his sentence was not consistent with the sentencing guidelines, he was sentenced pursuant to the plea and sentencing agreement. The trial court therefore did not err by deviating from the sentencing guidelines. Habeas relief is not warranted on Petitioner's sentencing claim.

**C.  Trial Counsel**

In his third habeas claim, Petitioner alleges that his trial attorney was ineffective for failing to: (1) challenge Petitioner's guilty plea as illusory; (2) object to Petitioner being charged and sentenced under an inappropriate criminal statute; (3) challenge inaccuracies in the pre-sentence report; and (4) correctly score the sentencing guidelines. Petitioner argues that, if counsel had performed effectively, the plea bargain would not have been made or accepted and his sentence would have been significantly shorter.

### 1. Clearly Established Federal Law

A defendant has the right to effective assistance of counsel during plea negotiations and during sentencing. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-86 (2012). But to prevail on a claim of ineffective assistance, a habeas petitioner must show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In the context of a guilty plea, a deficient performance is one that falls below an objective standard of reasonableness or is outside the range of competence demanded of attorneys in criminal cases, *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). The "prejudice" prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id*. at 59.

> When the claim at issue is one for ineffective assistance of counsel, moreover, AEDPA review is "doubly deferential," *Cullen v. Pinholster*, 563 U.S. 170, 190, 131 S.Ct. 1388, 179 L.Ed.2d 557 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *Burt v. Titlow*, 571 U.S. ——, ——, 134 S.Ct. 10, 17, 187 L.Ed.2d 348 (2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); internal quotation marks omitted). In such circumstances, federal courts are to afford "both the state court and the defense attorney the benefit of the doubt." *Burt, supra*, at ——, 134 S.Ct., at 13.

*Etherton*, 136 S. Ct. at 1151.

### 2. Application

Petitioner alleges his trial attorney was ineffective for failing to challenge the guilty plea as illusory. As explained above, however, the plea agreement was not

12

illusory. In fact, defense counsel negotiated a plea and sentence agreement that was very favorable to Petitioner in that the charges and potential penalty were significantly reduced. The Court therefore concludes that defense counsel was not ineffective for failing to challenge Petitioner's plea as illusory.

Petitioner alleges next that trial counsel was ineffective for failing to object to Petitioner being charged and sentenced under an inappropriate criminal statute. The Michigan Supreme Court agreed with Petitioner that the sexually-delinquent-person statute was a definitional statute and that the statute did not carry the possibility of a separate conviction or sentence independent of other criminal charges. Nevertheless, the state supreme court remanded Petitioner's case to the state trial court for amendment of the judgment of sentence to reflect a single conviction for gross indecency between a male and a female and a single sentence of thirteen to forty years pursuant to the plea and sentence agreement. Therefore, even assuming that defense counsel's performance was deficient, the deficient performance did not prejudice the defense, and "there can be no finding of ineffective assistance without prejudice." *Shimel v. Warren*, __ F.3d __, __, No. 15-2419, 2016 WL 5219883, at *9 (6th Cir. Sept. 22, 2016).

Petitioner's remaining claims allege that defense counsel failed to challenge inaccuracies in the pre-sentence report and failed to correctly score the sentencing guidelines. The record indicates that defense counsel challenged the scoring of the sentencing guidelines and successfully challenged a couple of significant inaccuracies in the pre-sentence report. Defense counsel also negotiated a plea and sentence agreement

13

that called for a sentence of about one-half the mandatory minimum sentence required for the original charges. This was effective advocacy, not ineffective assistance. The Court therefore declines to grant relief on Petitioner's claim about trial counsel.

## D. Appellate Counsel

Petitioner's fourth and final habeas claim is that his appellate attorney on direct review was ineffective for failing to raise Petitioner's claims that his guilty plea was illusory and that trial counsel was ineffective for not challenging the guilty plea as illusory. Petitioner contends that, if appellate counsel had raised those issues on appeal, the appellate courts might have reversed his conviction.

The Court concluded above that Petitioner's guilty plea was not illusory and that his trial attorney was not ineffective for failing to challenge the guilty plea as illusory. Because Petitioner's underlying claims lack merit, his appellate attorney was not ineffective for failing to raise the claims. "[B]y definition, appellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). The Court therefore declines to grant relief on Petitioner's claim about appellate counsel.

## IV. Conclusion

The state court decisions in this case were not contrary to Supreme Court precedent, an unreasonable application of Supreme Court precedent, or an unreasonable determination of the facts. The state court decisions certainly were not so lacking in

justification that there was an error beyond any possibility for fairminded disagreement. The Court therefore denies the petition for writ of habeas corpus.

## V.  CERTIFICATE OF APPEALABILITY

Habeas petitioners may not appeal a district court's decision unless a district or circuit judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484.

Reasonable jurists could not conclude that the Court's assessment of Petitioner's claims is debatable or wrong.  Nor could reasonable jurists conclude that the issues deserve encouragement to proceed further.  The Court therefore declines to grant a certificate of appealability.

The standard for issuing a certificate of appealability is a higher standard than the standard for granting *in forma pauperis* status on appeal.  *Foster v. Ludwick*, 208 F.

Supp. 2d 750, 764 (E.D. Mich. 2002).  A certificate of appealability may be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), but a court may grant leave to proceed *in forma pauperis* if it finds that the appeal is not frivolous and could be taken in good faith.  28 U.S.C. § 1915(a)(3); *Foster*, 208 F. Supp. 2d at 764–65.  Because an appeal in this case could be taken in good faith, the Court grants leave to appeal *in forma pauperis* should Petitioner decide to appeal this Court's decision.

        S/Arthur J. Tarnow
        Arthur J. Tarnow
        Senior United States District Judge

Dated:  November 1, 2016

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on November 1, 2016, by electronic and/or ordinary mail.

        S/Catherine A. Pickles
        Judicial Assistant